## ROBERT HOLLAND v. THERESA MAUS.

*Promissory note of married woman—Consideration—Question of
fact.*

This case is held to have been improperly taken from the jury, who
should have passed upon the questions of fact presented by the
testimony under proper instructions from the court. The ques-
tions of law involved are so blended with the facts as to render
an examination of the opinion essential to a correct understand-
ing of the same.

Error to St. Clair. (Stevens, J.) Argued February 15,
1888. Decided March 2, 1888.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*V. A. Saph* (*Atkinson & Vance,* of counsel), for appellant.
*Avery Brothers,* for plaintiff.

Long, J. This action was brought in the circuit court for
St. Clair county to recover on three promissory notes given
by defendant,—one to the plaintiff for $234.86, with interest,
due in one year, bearing date July 10, 1883; the other two
to Joseph Gill, bearing date July 25, 1883, and indorsed
after their maturity to plaintiff, one for $182, with interest,
due in four months, and the other for $182.50, with interest,
due in six months.

The cause was tried before a jury, and at the close of the
testimony the court directed a verdict for the plaintiff for
the amount of the notes and interest, at $749.37.

Judgment being entered for the plaintiff, the defendant
brings error.

The court erred in directing a verdict for the plaintiff.

The case should have been submitted to the jury under proper instructions from the court.

The theory of the defendant was that the three notes in suit were given without consideration, and some testimony was given on the trial tending to show that fact.

Testimony was introduced on the trial tending to show that the defendant was the wife of John Maus, who carried on a small business in Marine City in the nature of a general store with a saloon or restaurant attached, and defendant assisted him in a general way in his business.   Defendant had some real estate in her own right, and her husband, desiring some money, induced her to raise the same by mortgage on her real estate, and to secure her for the same, which she turned over to him, he gave her a chattel mortgage on the goods in the store, with a clause covering future purchases and acquisitions to the stock, for the sum of $2,000.   Afterwards the husband became indebted to Selling Bros. & Sinn, and on their pressing him for money he borrowed a sufficient amount from plaintiff, Holland, to pay them, giving his own note also signed by his wife.   This note bears date June 16, 1883, and was payable on demand, for $233.78.   The defendant received no benefit or consideration whatever for signing the note, either personally or to the benefit of her individual estate.

Notes were also given by John Maus to Joseph Gill for borrowed money, which were signed under like circumstances by the defendant.

John Maus was indebted to other parties in various amounts aggregating $3,000 and upwards, and, while in this financial condition, died on June 23, 1883.   The goods in the store at the time of his death did not exceed in value the consideration mentioned in the mortgage held by defendant.   Holland, the plaintiff, lived in the same village, and had a store some two blocks away, and after the death of John Maus, advised the defendant not to probate John Maus' estate, as there would be nothing left if she did.

After her husband died, the defendant continued the business in the same manner as it had been conducted by the husband. No steps were taken by any one to have the estate probated. She bought new goods and put them into the store, and sold goods out of the store, using the profits to pay off debts against her husband's estate. She took the insurance on her husband's life, amounting to $845, and put it into the business, and the proceeds of some real estate she owned in her own right, and which she sold, were used in the same way, and all went to pay off debts against her husband's estate.

While she was thus continuing the business, and in less than three weeks after her husband's death, the plaintiff came to her place of business, bringing the note of her deceased husband, which she had signed as surety, and also the note now in suit, which he had drawn, ready for signing, and asked her to renew the note of June 16, 1883, by her individual note, at the same time threatening to make her trouble if she did not, and, as an inducement to her to sign the note, then told her she was liable for her husband's debts; and being an ignorant woman, with no knowledge of the law and but little of business, and believing his statements, and to avoid the trouble with which he threatened her, she signed the note now in suit, and Holland at the same time indorsed on the old note of June 16, "This note accepted by new note one year from date;" and she afterwards and on the same day paid interest to Holland on the old note of $16.44.

She further testifies that, about a month after her husband's death, Joseph Gill presented to her the two notes he held against her husband, and by threats and representations, substantially as made by Holland, procured from her the other two notes in suit, in exchange for her husband's two notes which she had signed as surety; that Holland got these two notes from Gill after maturity, and knew that the first two notes Gill held were for money loaned to John Maus in his life-time, and were signed by the defendant as surety with her husband,

and also knew that these notes were procured by Gill from defendant as renewals of the first Gill notes.

That from that time up to the time she was deprived of the possession of the goods under a writ of attachment issued in this cause, she continued the business, the same as it had been carried on by her husband, and during that time had paid upwards of $3,000 of the debts outstanding against her husband at the time of his death, and that the plaintiff had full knowledge of all those facts; that she was not asked to take up the old notes of Holland and Gill, given by her husband, but only asked to renew them, and that in giving the notes in suit she believed she was doing for the best interests of the estate.

This testimony was largely contradicted by the plaintiff, who claimed and testified that the stock of goods belonged to Mrs. Maus, the defendant, before her husband's death, and that the original note was given to prevent Selling Bros. & Sinn from making levy upon the goods.

The plaintiff claimed that the giving of the new notes and the taking into her possession of the old notes operated in law as an assignment to her by plaintiff of his claim against the Maus estate, and that that was a good consideration for the new notes; that by this arrangement, yielding the first notes and taking the new ones, Holland postponed his claim and forebore suit, and that this was a good consideration.

On the trial, defendant tendered to the plaintiff the three original notes, which plaintiff refused to accept.

The whole case should have been submitted to the jury under proper instructions from the court.

It was a question of fact for their consideration, whether the stock of goods was the property of John Maus in his life-time, and whether the original notes were given by John Maus, and the defendant only signed them as security for her husband, and not to benefit her individual estate.

It was also a question of fact for the jury whether the defendant loaned her husband the money, and had and held the $2,000 chattel mortgage as a valid subsisting mortgage at the death of her husband, and whether the goods at that time were of no more value than the mortgage.

It was also a question for the jury whether the plaintiff knew these facts, and knew his claim under the note held by him and under those purchased from Gill was worthless, and apprised the defendant of that fact, and advised her not to probate the estate of her husband, thus permitting her to go on investing her money in the business.

It was also a question for the jury whether these notes in suit were obtained from the defendant under circumstances alleged by her.

If Holland and Gill obtained these notes from her upon the representation that they were only renewals of the notes of the husband, and that she was individually liable upon the original notes, and with threats to make her trouble in the possession of the property in the store, when in fact she was not liable upon such notes, and at that time she had in fact a valid lien upon the goods in the store for their whole value, and the plaintiff obtained the Gill notes after their maturity, knowing all these facts, he ought not now to be permitted to assert his claim upon these notes, and thus deprive the defendant of all the property upon which she had a valid lien under the mortgage. This would be a fraud upon her rights. *Berry v. Whitney,* 40 Mich. 65, 72.

While this is not an action to determine the title to the personal property left by John Maus at his death, yet these inquiries may be made as bearing upon the question whether these original notes were in fact given, as claimed by the defendant, by John Maus, and not for the individual debt or for the benefit of the individual property of defendant, and only signed by defendant as surety for her husband. If the defendant was only a surety upon the notes of her husband to

Holland and Gill, and they were not given for the benefit of her individual estate, then she was not liable for their payment, and there was under the circumstances testified to by her no consideration for the new notes, and they could not be enforced against her. Many of these facts were in dispute upon the trial, but inasmuch as the court took the case from the jury we have stated the case made by the defendant without reference to the disputed facts. We need not discuss the many assignments of error contained in the record

The judgment must be reversed, with costs to the defendant, and a new trial ordered.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. CHAMPLIN, J., did not sit.